J. F. SATTES, JR., *et al. v.* SALLIE K. SATTES *et al.*

(No. 8300)

Submitted May 5, 1936. Decided May 26, 1936.

*Henry S. Cato,* for appellant.
*J. Howard Hundley,* for appellees.

HATCHER, PRESIDENT:

This suit was brought to partition a tract of 42 acres of land between seven named tenants in common. One of them, Sallie Sattes, filed an answer asking affirmative relief in regard to a certain 3½ acres of the tract. She alleges that her mother, Lillian Sattes, her sister, Mary Sattes Winkler, and herself owned the 3½ acres exclusively. The mother and the sister asserted no title to the balance of the tract. The claim of the three to the 3½ acres was upheld by the circuit court, but was rejected in this court and the cause remanded. See 113 W. Va. 708. Thereafter, on May 21, 1934, the circuit court decreed that the seven tenants named in the bill were the owners in common of the entire tract of 42 acres, and that it be partitioned among them (except a bathing beach which was to continue their common property) "share and share alike, due regard being

given to any and all improvements thereon." Partition was then made and a report filed, to which Sallie Sattes, excepted. Evidence was taken on the exceptions and on May 1, 1935, the report was set aside on the grounds that the exceptant was not given notice of the proceedings by the commissioners, and that in making the partition, the commissioners were not advised of the law governing improvements. The partition was then recommitted to the commissioners with general directions as to the improvements (of which more later).

Miss Sattes now complains because the court refused to direct the commissioners: (1) not to charge her interest in the 42 acres with the present value of permanent improvements made by her mother in 1907 on the dwelling house which they both occupy and which Miss Sattes desires partitioned to herself; (2) to allot to her the land containing a tenant house and a camp which she had built with her own funds, if she should be entitled to that much acreage after first being allotted her dwelling house and appurtenant outbuildings; (3) to exclude from her allotment any portion of the land theretofore assigned as dower to Katherine Sattes; and (4) to compensate her in land for her one-seventh interest in the present value, if any, of a certain hangar improvement built from common funds. She also complains because the court did not award her the costs she expended upon her exceptions to the commissioners' report. Comment will be made on these complaints as enumerated.

1. The house upon which the improvement was made in 1907 is on the 3½ acres claimed in fee by Miss Sattes, her mother and her sister. Her counsel takes the position that Mrs. Sattes made the improvement in good faith, though under a mistake as to the true condition of the title to the 3½ acres; that it would be inequitable to permit some one not connected with her alleged title to profit by the mistake; and that her daughter, Sallie Sattes, should be allotted the dwelling, without the value of the same being charged to her interest in the

tract. Counsel for appellees respond: "Sallie K. Sattes is not the sole heir-at-law of Lillian C. Sattes. She has a sister whose name is Mary Sattes Winkler. Under what theory of law would appellant be entitled to any interest belonging to her mother or to her sister?" This query is not answered. Mrs. Sattes is still living. If an equity exists on account of the improvements made in 1907, the equity is her personal right. Her daughter, Sallie, has no assignment of that equity and no lawful reason is advanced why she should be its sole recipient.

2. The decree of May 1, 1935, contains this general direction, "If the commissioners shall determine that any co-tenant has made any substantial permanent improvements on the property since acquiring his or her interest therein, then they shall partition such co-tenant the land on which such improvements were made, unless to do so would operate in serious injury and prejudice to any of the other co-tenants." Appellant acquired her interest in the tract in 1916. The tenant house and camp were constructed afterwards. The foregoing direction is sufficiently specific to protect her interest in those improvements.

3. The original bill referred to the dower of Katherine G. Sattes, and prayed that the partition be made subject thereto. The answer of Miss Sattes mentioned the dower estate, made no objection to a partition on that account, and requested that her interest be partitioned to her. The decree of May 21, 1934, directed that partition of the tract be made subject to the dower interest and with due regard to "whether any one or more of said shares is within that part heretofore decreed to Katherine Gaul Sattes as her dower interest." That decree was never appealed from. The answer of Miss Sattes, as well as that decree, assuredly forecloses her right to protest her interest being subjected to the dower.

4. The recommitting decree does not seem to cover fairly appellant's demand on account of the hangar (constructed with common funds). However, that error alone, does not seem to relate to a sum within our jurisdiction.

The costs of taking the evidence on the exceptions to the commissioners' report were taxed "as the general costs" of the suit. The record shows that before the partition was made, appellant's counsel had ample opportunity to inform the commissioners of the demands of his client, but failed to do so. The record also shows that the circuit court admonished him more than once while taking the depositions that unnecessary time was being consumed. The disposition of costs is largely in the discretion of the trial court. Under the circumstances here, we see no abuse of that discretion.

Counsel for appellees allege as cross-error that there was no warrant for setting aside the report of partition. The notice of the proceedings does seem ample; but it clearly appears that in making the allotment to Miss Sattes, the commissioners erroneously charged her interest with the entire value of her dwelling (allotted to her), some of which value she herself had added. Counsel also allege that her demands regarding improvements should be ignored because not pleaded. Her exceptions to the commissioners' report was in the form of a petition and alleged the facts relating to her equities, and prayed that they might be recognized. We are of opinion that her equities are sufficiently pleaded. Counsel finally allege that the decree of May 21, 1934, was final in every respect regarding the partition, and could not be enlarged or modified by the decree of May 1, 1935. The contention is correct, but is not applicable. The directions given the commissioners in the later decree do not change the former decree in any particular, but are merely explanatory of the manner in which *due regard should be given to improvements* as the former adjudged.

The decree of May 1, 1935, is affirmed.

*Affirmed.*